# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DALLAS BUYERS CLUB, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 14-cv-2158 |
| | ) | |
| v. | ) | |
| | ) | Judge Gary Feinerman |
| CHRISTIAN BANUELOS, SHERRY MAI, | ) | |
| ADRIAN NUNEZ, LEE MOMINET, JEAN | ) | |
| L. LAROSILIERE, STEVE HALLORAN | ) | |
| and DAVID OLISAR, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION IN SUPPORT OF ATTORNEYS' FEES AND COSTS</u>

I, Michael A. Hierl, declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1.     I am the lead attorney for the plaintiff in the above-entitled action, and I am familiar with the file, records and pleadings in this matter.

2.     I have been licensed to practice law since 1980.

3.     I am a member of the Trial Bar for the Northern District of Illinois.  I have been AV-preeminent rated by Martindale-Hubbell for more than 25 years.

4.     I have litigated various matters including patent, trademark, unfair competition, copyright infringement and other commercial disputes.

5.     In this case, the complaint was filed on March 27, 2014 and an amended complaint was filed on October 10, 2014.  Summons were issued to Defendants Christian Banuelos and Jean L. Larosiliere on October 10, 2014.

6.     Defendants Larosiliere and Banuelos were served with a copy of the summons and Amended Complaint on October 15, 2014 and October 16, 2014, respectively, as reflected on the docket sheet by the proof of service filed on March 2, 2015. Dkt. Nos. 43, 45.

7.     Defendants Larosiliere and Banuelos' Answers to the First Amended Complaint were due on November 5, 2014 and November 6, 2014, respectively.

8.     The Court entered default judgment against Defendants on March 11, 2015, due to their failure to appear, plead or otherwise defend within the time allowed.

9.     My colleagues and I have spent approximately 7.9 hours in attorney time on this case since the Motion for Entry of Default against these Defendants was filed.

10.     Plaintiff has incurred approximately $3,413.50 in attorneys' fees from February 26, 2015 to March 27, 2015 on the subject motions.

11.     Plaintiff has incurred $413.00 in process server charges at a cost of $59.00 to serve each defendant.

12.     I believe that the time spent litigating this matter is reasonable, usual and customary. Based on my experience, our attorney rates are reasonable and comparable to market rates. For my time, my firm charged $485 an hour in 2015. For attorney Mark Cisek, my firm charged $390 an hour in 2015.

13.     I believe that Plaintiff's request for attorneys' fees in the amount of $3,413.50 and costs in the amount of $118.00 is reasonable.

14.     A redacted copy of Plaintiff's counsel's time entries in this matter and a copy of the invoice from the process server are attached to this Declaration.

2

## **DECLARATION**

**PURSUANT TO 28 § U.S.C. § 1746**, I hereby declare under penalty of perjury under laws

of the United States of America that the foregoing is true and correct.

Executed on this 14th day of April 2015.

<div style="margin-left: 40%;">

Respectfully submitted,

DALLAS BUYERS CLUB, LLC

By:   s/ Michael A. Hierl

Michael A. Hierl (Bar No. 3128021)
Todd S. Parkhurst (Bar No. 2145456)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
Dallas Buyers Club, LLC

</div>

# HUGHES SOCOL PIERS RESNICK & DYM, LTD.
## Attorneys At Law

Three First National Plaza
Suite 4000
Chicago IL 60602

E.I.N. 36-3339308

Tel.: (312) 580-0100

April 10, 2015

For Legal Services Rendered  through 03/31/15

Re:     203227 DALLAS BUYERS CLUB, LLC/DALLAS BUYERS CLUB/995648/1-39

## Professional Services

| Date | | Services | Hours |
|------|------|----------|-------|
| 02/26/15 | MAH | discussions with Mr. Cisek; and initial work on preparation of motion for entry of default and supporting exhibits | 0.50 |
| 02/26/15 | MAC | conference with Mr. Hierl re: preparation of motion for default. | 0.20 |
| 02/27/15 | MAC | continued drafting, researching and editing plaintiff's motion for default | 0.20 |
| 03/02/15 | MAH | review of documents; and discussion with Mr. Cisek concerning motion for entry of default | 0.50 |
| 03/02/15 | MAC | continued preparation of plaintiff's motion for default. | 0.90 |
| 03/03/15 | MAC | continued drafting, editing, and preparing plaintiff's motion for default defendants who have failed to file an appearance. | 0.40 |
| 03/04/15 | MAH | revision, completion and filing of motion for entry of default before Judge Feinerman | 1.50 |
| 03/05/15 | MAH | review of file and settlement records; and preparation of status report | 0.50 |
| 03/11/15 | MAH | review of file and settlement records; and discussions relating to status hearing before Judge Feinerman | 0.50 |
| 03/16/15 | MAC | work on preparation of plaintiff's motion for entry of default judgment. | 0.50 |
| 03/19/15 | MAC | continued drafting and editing plaintiff's default judgment motion. | 0.10 |
| 03/24/15 | MAC | continued drafting and editing plaintiff's memorandum in support of damages, fees and costs. | 1.40 |
| 03/27/15 | MAC | continued drafting, proofreading and editing plaintiff's motion for damages, attorney fees and costs | 0.70 |

Client Ref:     20973 - 203227

April 10, 2015
**Page 2**

## Summary of Services

| | | Rate | Hours | Amount |
|---|---|---|---|---|
| MAC | Mark Cisek | 390.00 | 4.40 | 1,716.00 |
| MAH | Michael Hierl | 485.00 | 3.50 | 1,697.50 |
| **Total for Services** | | | **7.90** | **$3,413.50** |

**TOTAL CURRENT BILL**                    **$3,413.50**



# ATG
# LEGALSERVE
1 South Wacker Drive, 24th Floor, Chicago, IL 60606, 312.752.1992

Tax ID 27—0643983

Hughes Socol Piers Resnick & Dym Ltd.                    Invoice #: 40258
Three First National Plaza 70 W. Madison St.
Suite 4000                                               Date: 11/20/2014
Chicago, IL 60602—4698
Sec: **GABREILLA SANTOS**

## INVOICE FOR SERVICE

**Service #83080**: ADRIAN NUNEZ                         **Your File#**
DALLAS BUYERS CLUB, LLC v.
CHRISTIAN BANUELOS, ET AL.

                                                  Court Case #: 14—cv—2158
Standard Service          ADRIAN NUNEZ                    **$59.00**

**Service #83075**: SHERRY MAI                           **Your File#**
DALLAS BUYERS CLUB, LLC v.
CHRISTIAN BANUELOS, ET AL.

                                                  Court Case #: 14—cv—2158
Standard Service          SHERRY MAI                     **$59.00**

**Service #83076**: DAVID OLISAR                         **Your File#**
DALLAS BUYERS CLUB, LLC v.
CHRISTIAN BANUELOS, ET AL.

                                                  Court Case #: 14—cv—2158
Standard Service          DAVID OLISAR                   **$59.00**

**Service #83077**: JEAN M. LAROSILIERE                  **Your File#**
DALLAS BUYERS CLUB, LLC v.
CHRISTIAN BANUELOS, ET AL.

                                                  Court Case #: 14—cv—2158
Standard Service          JEAN M. LAROSILIERE            **$59.00**

**Service #83078**: CHRISTIAN BANUELOS                   **Your File#**
DALLAS BUYERS CLUB, LLC v.

**CHRISTIAN BANUELOS, ET AL.**

| | | |
|---|---|---|
| Standard Service | Court Case #: 14−cv−2158 | |
| | CHRISTIAN BANUELOS | **$59.00** |

**Service #83081**: LEE MOMINET
DALLAS BUYERS CLUB, LLC v.
CHRISTIAN BANUELOS, ET AL.

**Your File#**

| | | |
|---|---|---|
| Standard Service | Court Case #: 14−cv−2158 | |
| | LEE MOMINET | **$59.00** |

**Service #83079**: STEVE HALLORAN
DALLAS BUYERS CLUB, LLC v.
CHRISTIAN BANUELOS, ET AL.

**Your File#**

| | | |
|---|---|---|
| Standard Service | Court Case #: 14−cv−2158 | |
| | STEVE HALLORAN | **$59.00** |

**TOTAL CHARGES:**            **$413.00**

**BALANCE:**            **$413.00**

**REMIT TO:P.O.BOX 9136,
CHAMPAIGN,IL 61826−9136**

PAYMENT TERMS:NET 15 DAYS

2

# EXHIBIT B

2013 WL 6178926
Only the Westlaw citation is currently available.
United States District Court,
S.D. Indiana,
Indianapolis Division.

MALIBU MEDIA, LLC, Plaintiff,
v.
William JULIEN, Gena Hurst, Eric
Stear, Donald Wilson, Defendants.
William Julien, Counter Claimant,
v.
Malibu Media, LLC, Counter Defendant.

No. 1:12–cv–01730–TWP–
MJD. | Nov. 25, 2013.

**Attorneys and Law Firms**

Paul J. Nicoletti, Nicoletti & Associates, P.C., Bloomfield Hills, MI, for Plaintiff/Counter Defendant.

David P. Lynch, Amy Noe Law, Richmond, IN, for Defendants/Counter Claimant.

Gary L. Calhoun, UAW Legal Services, Kokomo, IN, for Defendants.

Eric Stear, Plainfield, IN, pro se.

## ORDER ADOPTING REPORT AND RECOMMENDATION

TANYA WALTON PRATT, District Judge.

**\*1** The Magistrate Judge submitted his Report and Recommendation on Plaintiff's Motion for Entry of Default Judgment Against Defendant Donald Wilson. The parties were afforded due opportunity pursuant to statute and the rules of this Court to file objections; none were filed. The Court, having considered the Magistrate Judge's Report and Recommendation, hereby adopts the Magistrate Judge's Report and Recommendation. No final judgment shall issue at this time; rather, final judgment will issue following resolution of all claims in this matter.

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DONALD WILSON

MARK J. DINSMORE, United States Magistrate Judge.

This cause is before the Court on the Plaintiff's motion for default judgment as to Defendant Donald Wilson. [Dkt. 44.] Wilson has not responded, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling.

## I. STANDARD

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not."*Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir.2012)."[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks."*In re Catt,* 368 F.3d 789, 793 (7th Cir.2004). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*

## II. BACKGROUND

In its Complaint, Malibu Media, LLC alleges that Wilson and others directly and contributorily infringed its copyrighted work when they downloaded and disseminated without authorization all or a portion of twenty-three movies owned by Malibu Media and identified in Dkt. 44–2 (the "Works") using BitTorrent, a peer-to-peer file sharing protocol. Malibu Media served Defendant Donald Wilson with a Summons and First Amended Complaint on April 30, 2013. Default was entered as to Wilson on July 29, 2013. By virtue of entry of default against Wilson, Malibu Media's allegations as to liability are taken as true. Malibu Media now seeks entry of default judgment.

## III. DISCUSSION

### A. Damages
Under 17 U.S.C. § 504(c)(1), a copyright owner may elect actual or statutory damages. Statutory damages range from

Malibu Media, LLC v. Julien, Slip Copy (2013)

2013 WL 6178926

a sum not less than $750 to not more than $30,000, as the court considers just. However, pursuant to 17 U.S.C. § 504(c) (2), upon a finding of willful infringement the Court may increase the award of statutory damages to a sum of not more than $150,000. Here, Malibu Media plead that Wilson's infringement was committed willfully and that willfulness has been established by virtue of Wilson's default. Accordingly, the enhanced damages are available. Malibu Media seeks damages in the amount of $51,750 in statutory damages. The Court finds that amount just under the circumstances. By virtue of entry of the default, it has been established as a factual matter that Wilson willfully infringed Malibu Media's copyright by uploading and downloading all or a portion of the copyrighted work without authorization, enabling countless unknown others to obtain the work in the process. In addition, the Court finds this award just in light of Congress's recognition of the "disturbing trend" of internet piracy.

**B. Injunctive Relief**

*2 Malibu Media also seeks injunctive relief pursuant to 17 U.S.C. §§ 502 and 503. Under § 503(b), the Court may order the destruction of all copies made or used in violation of the copyright owner's exclusive rights. Given the nature of the infringement that occurred in this case-participating in a "swarm" and downloading and uploading copyrighted work-the Court finds this injunction particularly appropriate here. Accordingly, Wilson is ordered to destroy all copies of the Works in his possession or control.

Malibu Media also seeks the entry of an injunction under § 502(a), which section provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."Here, Malibu Media seeks an injunction enjoining Wilson "from directly, contributorily or indirectly infringing [Malibu Media's] rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system

to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of [Malibu Media]." [Plaintiff's Proposed Order at 3–4, Dkt. No. 44–1.] This requested injunction is, however, simply a mandate that Wilson follow copyright laws; it is, therefore, unnecessary.

**C. Costs of Suit and Attorney's Fees**

Pursuant to 17 U.S.C. § 505, the court in its discretion may award recovery of full costs and reasonable attorney's fees to a prevailing party. The declaration of Malibu Media's counsel provides that Malibu Media has incurred $445.00 in costs and $2,550.00 in attorney's fees in this matter with respect to the prosecution of its claims against Wilson. The Court finds the amount of those costs and fees to be reasonable in the circumstances of this case.

**IV. CONCLUSION**

To the extent set forth above, the Court **GRANTS** Malibu Media's motion for default judgment. The Court finds an award of $51,750 in damages is just under the circumstances. In addition, injunctive relief is appropriate to the extent set forth above. Finally, the Court finds the amount of costs and fees sought by Plaintiff to be reasonable. Accordingly, the Court recommends that judgment issue in favor of Plaintiff Malibu Media and against Defendant Donald Wilson in the total amount of $54,745.00.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b) (1) and Fed.R.Civ.P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

---

**End of Document**
© 2015 Thomson Reuters No claim to original U.S. Government Works.

# EXHIBIT C

2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

277 F.3d 59
United States Court of Appeals,
First Circuit.

Juan R. ORTIZ–GONZALEZ, Plaintiff, Appellee,
v.
FONOVISA, Defendant, Appellant.
Juan R. Ortiz–Gonzalez, Plaintiff, Appellee,
v.
Distribuidora Nacional De Discos,
Inc., Defendant, Appellant.

Nos. 00–2290, 01–1004.  |  Heard
Nov. 8, 2001.  |  Decided Jan. 17, 2002.

Copyright holder brought action against alleged infringers. The United States District Court for the District of Puerto Rico, Juan M. Perez-Gimenez, J., granted judgment for copyright holder. Alleged infringers' appealed. The Court of Appeals, Kravitch, Circuit Judge, held that: (1) distributor directly infringed upon copyright by distributing unauthorized reproductions of copyright protected songs; (2) distributor, as defaulting party, was not denied due process; and (3) agreement between copyright holder and alleged infringer that prevented alleged infringer from collecting attorney fees against copyright holder rendered moot alleged infringer's motion for attorney fees.

Affirmed.

West Headnotes (15)

[1]    **Federal Courts**
         Intellectual property
       Whether a distributor can be found liable for copyright infringement, where the plaintiff has not established that the producer is guilty of infringement, is a question of law that is reviewed de novo. 17 U.S.C.A. § 101 et seq.

       Cases that cite this headnote

[2]    **Federal Courts**
         Default judgment and opening thereof

The issue of notice of trial after defaulting is a question of law reviewed de novo. Fed.Rules Civ.Proc.Rule 55, 28 U.S.C.A.

Cases that cite this headnote

[3]    **Federal Civil Procedure**
         Assessment of damages
       **Federal Courts**
         Remedial Matters
       Where there has been judgment by default, the need for a hearing on damages is vested with the district court and reviewed for abuse of discretion. Fed.Rules Civ.Proc.Rule 55, 28 U.S.C.A.

       12 Cases that cite this headnote

[4]    **Copyrights and Intellectual Property**
         Musical works
       Distributor directly infringed upon copyright by distributing unauthorized reproductions of copyright protected songs, although distributor asserted that such distribution could only give rise to contributory or vicarious infringement and then only if the producer was found liable. 17 U.S.C.A. § 106.

       6 Cases that cite this headnote

[5]    **Copyrights and Intellectual Property**
         Scope of Exclusive Rights: Limitations
       A copyright owner has the exclusive right to distribute copies of the copyrighted work. 17 U.S.C.A. § 106(3).

       5 Cases that cite this headnote

[6]    **Federal Civil Procedure**
         By Default
       A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated. Fed.Rules Civ.Proc.Rule 55, 28 U.S.C.A.

       49 Cases that cite this headnote

**Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59 (2002)**
2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

[7] **Constitutional Law**
  ↪ Time of trial

  **Copyrights and Intellectual Property**
  ↪ Trial

  Distributor, as defaulting party, was not denied due process by not being notified of trial date where copyright holder sought to prove extent to which it was damaged by distributor's unauthorized distribution of copyrighted songs, since distributor failed to respond or appear in matter until motion for post trial judgment. U.S.C.A. Const.Amend. 5; Fed.Rules Civ.Proc.Rule 55, 28 U.S.C.A.

  1 Cases that cite this headnote

[8] **Constitutional Law**
  ↪ Time of trial

  Due process does not require a higher standard for notice of a trial date where the party has failed to appear. U.S.C.A. Const.Amend. 5; Fed.Rules Civ.Proc.Rule 55(b)(2), 28 U.S.C.A.

  Cases that cite this headnote

[9] **Copyrights and Intellectual Property**
  ↪ Trial

  In a copyright infringement case, a party may demand a jury determination of the amount of statutory damages to be awarded. 17 U.S.C.A. § 504(c)(1).

  5 Cases that cite this headnote

[10] **Copyrights and Intellectual Property**
  ↪ Judgment

  In a copyright infringement case where a defendant has failed to appear, discretion as to the judgment or the need for a hearing on damages is vested with the district court. 17 U.S.C.A. § 504(c)(1); Fed.Rules Civ.Proc.Rule 55(b)(2), 28 U.S.C.A.

  6 Cases that cite this headnote

[12] **Copyrights and Intellectual Property**

  ↪ Attorney fees

  Agreement between copyright holder and alleged infringer that prevented alleged infringer from collecting attorney fees against copyright holder rendered moot alleged infringer's motion for attorney fees; although alleged infringer asserted that issue was not moot because relief that was sought had legal value in that it would deter other potential plaintiffs from filing frivolous claims for copyright infringement, there was no live controversy because judgment by court on issue would have been superfluous because of agreement. 17 U.S.C.A. § 505.

  1 Cases that cite this headnote

[13] **Federal Courts**
  ↪ Case or Controversy Requirement

  A federal court's jurisdiction is restricted to the resolution of cases or controversies. U.S.C.A. Const. Art. 3, § 2, cl. 1.

  Cases that cite this headnote

[14] **Federal Courts**
  ↪ Rights and interests at stake

  **Federal Courts**
  ↪ Inception and duration of dispute; recurrence; "capable of repetition yet evading review"

  A case generally becomes moot when the controversy is no longer live or the parties lack a legal cognizable interest in the outcome. U.S.C.A. Const. Art. 3, § 2, cl. 1.

  1 Cases that cite this headnote

[15] **Federal Courts**
  ↪ Case or Controversy Requirement

  **Federal Courts**
  ↪ Want of Actual Controversy; Mootness and Ripeness

  The duty of an appellate court, as of every other judicial tribunal, is to decide actual controversies by a judgment that can be carried into effect. U.S.C.A. Const. Art. 3, § 2, cl. 1.

**Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59 (2002)**

2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

Cases that cite this headnote

[16]    **Federal Courts**
        ⚖ Particular Cases, Contexts, and Questions

Courts are not required to go through the symbolic step of entering a judgment which the beneficiary has already agreed not to collect merely so that the judgment can be waived as a red flag to serve the private interests of the recipient in other cases. U.S.C.A. Const. Art. 3, § 2, cl. 1.

1 Cases that cite this headnote

**Attorneys and Law Firms**

*61 Irene M. Vera, with whom Alfredo Castellanos was on brief for appellant.

Rafael E. Silva-Almeyda, with whom Jésus R. Rabell-Méndez was on brief for appellee.

Before BOUDIN, Chief Judge, KRAVITCH,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

**Opinion**

KRAVITCH, Senior Circuit Judge.

In these consolidated cases involving copyright infringement, defendant-appellant Distribuidora Nacional de Discos, Inc., ("Distribuidora"), a distributor, appeals from the district court's judgment awarding statutory damages, raising the following issues: whether a distributor can be liable for copyright infringement where plaintiff has not established that the producer was guilty of copyright infringement, and whether it violated due process for a defaulting party to not be notified of a trial date or to not have a damages hearing. Defendant-appellant Fonovisa, the producer, appeals the district court's denial of its motion requesting attorney's fees.

**I. BACKGROUND**

Juan R. Ortiz-Gonzalez allegedly authored and composed two songs, entitled "Si Así Tu Eres" and "Soy La Peregrina."

These songs were included, without his permission, in an album entitled "De Vuelta Al Sabor" that was produced by Fonovisa, a Latin music record label. Fonovisa licensed the right of distribution of the album to Distribuidora, which then licensed the right to Distribuidora Aponte, Inc. ("Aponte").[1] After the album was distributed, Ortiz-Gonzalez filed a cause of action against Fonovisa, Distribuidora, and Aponte, alleging copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. (2001), and violations of the Lanham Act, 15 U.S.C. § 1051 et seq. (2001).

Fonovisa answered the complaint, but Distribuidora and Aponte never responded. Ortiz-Gonzalez proceeded to trial; Distribuidora and Aponte were not notified of the trial date. At trial, Ortiz-Gonzalez presented his evidence, then voluntarily dismissed the case against Fonovisa. Instead, Ortiz-Gonzalez pursued his cause of action against Distribuidora and Aponte, both of whom were in default.[2] Concomitant with the dismissal, the parties entered into an agreement that Fonovisa would not collect any award of attorney's fees or costs. The court found Fonovisa's request for attorney's fees moot due to the agreement.

Following the trial, Ortiz-Gonzalez filed a post-trial memorandum on the liability of Distribuidora and Aponte and requested an award of damages. Distribuidora first made an appearance at this stage, filing a reply to plaintiff's post-trial memorandum; Aponte did not reply. Having determined that no hearing on damages was necessary, the court awarded the plaintiff $9,500.00 in statutory damages against Distribuidora and $6,756.79 in actual damages against Aponte. Distribuidora appeals *62 from the court's award of statutory damages. Fonovisa appeals the district court's denial of its motion requesting attorney's fees. These cases were consolidated on appeal.

**II. DISCUSSION**

**A.**

Distribuidora appeals the order of the district court awarding Ortiz-Gonzalez statutory damages after a default judgment for copyright infringement under 17 U.S.C. § 504 (2001). The defendant asserts it was error for the court: (1) to find Distribuidora liable as a distributor where the plaintiff had not established that the producer was guilty of infringement; (2) to hold a trial and award damages against Distribuidora where

**Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59 (2002)**

2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

the plaintiff had not notified Distribuidora of the trial date; and (3) to not hold a hearing on damages.

**[1]** **[2]** **[3]** Whether a distributor can be found liable for copyright infringement where the plaintiff has not established that the producer is guilty of infringement is a question of law that is reviewed *de novo. Liberty Mut. Ins. Co. v. Metro. Life Ins. Co.,* 260 F.3d 54, 61 (1st Cir.2001). The issue of notice of the trial after defaulting is also a question of law reviewed *de novo. Id.* As to a hearing on damages, the need for such a hearing is vested with the district court and reviewed for abuse of discretion. *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 919 (1st Cir.1988).

### 1. *Distributor Liability*

**[4]** **[5]** Distribuidora contends that a distributor's liability for copyright infringement is derived from a producer's liability.[3] The Copyright Act, however, states that "the owner of a copyright under this title has the exclusive rights to do and to authorize any of the following: ... (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106 (2001). Section 106(3) explicitly grants to the copyright owner the exclusive right to distribute copies of the copyrighted work. *See* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 8.11[A] (2001); *see also Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 843 (11th Cir.1990). The Copyright Act further provides that "anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright." 17 U.S.C. § 501(a) (2001); *Cable/Home Communication Corp.,* 902 F.2d at 843 ("Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement."); 2 Nimmer & Nimmer, *supra,* § 8.11[A]. Thus, if Distribuidora distributed copies of Ortiz-Gonzalez's copyrighted work, the act of distribution is a direct infringement itself, not an act of contributory or vicarious infringement.

**[6]** In his complaint, Ortiz-Gonzalez alleged that Distribuidora distributed throughout Puerto Rico unauthorized reproductions of his copyright protected songs. Distribuidora, having failed to appear or respond, was in default. A defaulting party "is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for **\*63** liability as to which damages will be calculated." *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.

3 (1st Cir.1999). Therefore, the district court was correct to have found Distribuidora liable to Ortiz-Gonzalez for copyright infringement.

### 2. *Notice*

**[7]** Distribuidora complains that it was never notified of the trial date in this case. Although it was a defaulting party, Distribuidora contends it had a due process right to be given notice of the trial.

**[8]** Federal Rule of Civil Procedure 55(b)(2)[4] states that notice is required before application to the court for entry of a judgment by default when a party has appeared in an action. It follows that if *judgment* can be entered against a defendant without notice where the party has failed to appear,[5] then due process cannot require a higher standard for notice of the trial date in the same situation.

Here, Distribuidora did not make an appearance until the motion for post-trial judgment; therefore, it was not entitled to the benefits granted in Rule 55. This does not violate Distribuidora's due process rights; in fact, the purpose of Rule 55 is to protect the rights of parties like Ortiz-Gonzalez. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970)("[T]he diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."). We conclude that by failing to respond or appear, Distribuidora lost its right to notice of the trial date.

### 3. *Damages Hearing*

**[9]** Distribuidora argues that it was never given the opportunity to be heard, not even on the issue of damages.[6] In this case, Ortiz-Gonzalez elected to receive, and was awarded, statutory damages against Distribuidora pursuant to 17 U.S.C. § 504(c)(1) (2001) (" ... the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action."). After considering the record, the district court decided that no hearing was necessary and awarded statutory damages within the prescribed range.

**[10]** Both Section 504(c)(1) and Rule 55 grant wide discretion to the district court. A copyright owner may elect to recover in **\*64** statutory damages a "sum of not less

**Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59 (2002)**

2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1); *see also* Fed.R.Civ.P. 55(b)(2).[7] Discretion as to the judgment or the need for a hearing on damages is vested with the district court. *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 89 L.Ed. 3 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."). The discretion granted to the district court was not abused.

## B.

[11] [12] Fonovisa appeals the district court's denial of its motion requesting attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505.[8] Fonovisa argues that the district court erred in holding that its motion requesting attorney's fees was moot. Mootness is a jurisdictional question and is reviewed *de novo. Verhoeven v. Brunswick Sch. Comm.*, 207 F.3d 1, 5 (1st Cir.1999).

Concurrent with Ortiz–Gonzalez's voluntary dismissal, the parties entered into an agreement whereby Fonovisa agreed not to collect any award of attorney's fees or costs. Based on this agreement, the district court ruled that Fonovisa's motion for attorney's fees was moot. Fonovisa argues that, although the agreement does prevent it from collecting attorney's fees, the agreement was structured so that Fonovisa could receive a judgment on attorney's fees. Despite being unable to collect on such a judgment, Fonovisa contends that the judgment for attorney's fees would be valuable to deter other potential plaintiffs from filing frivolous claims for copyright infringement. Thus, according to Fonovisa, the case is not moot because the judgment on attorney's fees would be legally valuable.

[13] [14] [15] A federal court's jurisdiction is restricted to the resolution of cases or controversies. U.S. Const. Art. III, § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). A case generally

becomes moot when the controversy is no longer "live" or the parties "lack a legal cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect...." *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895), cited in *Local No. 8 6, *65 Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 4 L.Ed.2d 373(1960); *see also Morgan v. McDonough*, 689 F.2d 265, 273 (1st Cir.1982).

[16] Fonovisa admits that the court's judgment will not be "carried into effect" and cannot "affect the matter in issue in the case before it," *Mills*, 159 U.S. at 653, 16 S.Ct. 132, but will instead hopefully impact future cases.[9] Although possibly being of some value in future situations, a judgment by the district court on the issue of attorney's fees would be superfluous because of the agreement. *Cf. Riva v. Massachusetts*, 61 F.3d 1003, 1011 (1st Cir.1995) (requiring in the context of ripeness that "the controversy is narrowly defined and is susceptible to specific relief, ... and without much risk that the court's opinion will prove superfluous."). Courts are not required to go through the symbolic step of entering a judgment which the beneficiary has already agreed not to collect merely so that the judgment can be waved as a red flag to serve the private interests of the recipient in other cases. Because there is no actual live controversy here, the district court was correct to dismiss the motion for attorney's fees as moot.

## III. CONCLUSION

Because we find no error in the district court's rulings, we AFFIRM.

**Parallel Citations**

2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

Footnotes

\*    Of the Eleventh Circuit, sitting by designation.

1    Aponte is not a party in this appeal.

2    Default was entered after the defendants failed to make an appearance or respond to the complaint within the appropriate time period; as to Fonovisa, the entry of default was later set aside by the court.

**Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59 (2002)**

2002 Copr.L.Dec. P 28,383, 51 Fed.R.Serv.3d 1055, 61 U.S.P.Q.2d 1374

3    Distribuidora contends that Ortiz-Gonzalez must proceed under a theory of contributory liability, and that where there is no primary infringer there can be no secondary infringer. Because the producer, Fonovisa, was not found to be an infringer of Ortiz–Gonzalez's copyright, Distribuidora argues that it cannot face liability as a distributor. This is premised on an inaccurate conception of the law.

4    "If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed.R.Civ.P. 55(b)(2) (2001).

5    *See Taylor v. Boston & Taunton Transp. Co.,* 720 F.2d 731, 733 (1st Cir.1983); *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir.1970); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2687 (3d. ed.1998).

6    Distribuidora does not appeal the amount of the statutory damages granted, but instead argues that Ortiz–Gonzalez should be considered ineligible to receive statutory damages; had there been a hearing on statutory damages, Distribuidora contends it would have been able to demonstrate that such damages were not justified because Ortiz–Gonzalez was unable to prove his claim of infringement against the defendants, Fonovisa and Distribuidora. As discussed previously, there is no basis for this claim because Distribuidora had defaulted and was found to be liable as a direct infringer. As an infringer, Distribuidora faced statutory damages. Although a party may demand a jury determination of the amount of statutory damages to be awarded, *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 355, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998), Distribuidora never made such demand.

7    If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

    Fed.R.Civ.P. 55(b)(2) (2001).

8    Ortiz–Gonzalez argues that this court lacks jurisdiction because Fonovisa appealed immediately after the denial of its motion, rather than after the final judgment was issued. This is incorrect. "A notice of appeal filed after the court announces a decision or order— but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R.App. P. 4(a)(2) (2001). This rule allows notice of appeal from a non-final decision to operate as an effective notice of appeal from a decision that would be appealable upon final judgment. *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). Fonovisa's filing of its notice of appeal comports with Rule 4(a)(2) and this court, therefore, has jurisdiction to hear the appeal.

9    Ortiz–Gonzalez offered to voluntarily dismiss his claims against Fonovisa with prejudice, so long as Fonovisa did not recover attorney's fees or costs. According to Fonovisa, it agreed, subject to the condition that it remain free to pursue a judgment for attorney's fees. The handwritten agreement states, "Defendant hereby will not collect from Plaintiff any award for cost [sic] and attorney fees that may be granted by the court." The words of this agreement can be read to support Fonovisa's contention that Fonovisa could seek fees, but not recover them. We need not determine if this is the correct interpretation of the agreement, however, because even assuming Fonovisa's position is correct, the district court would still lack jurisdiction due to mootness.

---

**End of Document**              © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 5.0.3
### Eastern Division

Flava Works, Inc.

<div style="text-align:center">Plaintiff,</div>

v.

Case No.: 1:12−cv−01888
Honorable John Z. Lee

Kywan Fisher

<div style="text-align:center">Defendant.</div>

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 30, 2012:

      MINUTE entry before Honorable John Z. Lee: Prove−up hearing held on 10/30/12. Defendant is not present in court. Given the materials submitted by Plaintiff in support of its motion and in light of the absence of any objection by Defendant, Plaintiff's motion for entry of default against defendant [11] is granted. Judgment is entered in favor of the Plaintiff Flava Works, Inc., and against the Defendant Kywan Fisher in the amount of One Million Five Hundred Thousand Dollars ($;1,500,000.00). Permanent injunction is entered restraining and enjoining Defendant, Kywan Fisher, from copying, distributing, reproducing, making available for download or embedding any material that infringes upon Plaintiff's copyrights, including videos, videos on demand, online content, and images. Plaintiff has until 11/27/12 to submit a motion for attorneys' fees and costs. Civil case terminated. Mailed notice(ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE BICYCLE PEDDLER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-7012 |
| | ) | |
| PLAMEN KOVATCHEV, | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## **ORDER**

This cause coming before the Court on the Motion of Plaintiff, The Bicycle Peddler, LLC, for Attorneys' Fees and Costs, due notice being given, the Court being fully advised in the premises;

It is hereby ordered that:

1.      Damages are awarded against Defendant, Plamen Kovatchev, and in favor of Plaintiff, The Bicycle Peddler, LLC, in the amount of $10,000.00.

2.      Defendant, Plamen Kovatchev, is ordered to pay Plaintiff's attorneys' fees in the amount of $9,116.00 and Plaintiff's costs in the amount of $755.78.

Entered: 12-9-14

John W. Darrah
U.S. District Judge

# EXHIBIT E

Case: 1:14-cv-02158 Document #: 64-1 Filed: 04/14/15 Page 23 of 31 PageID #:262

Warner Bros. Records Inc. v. Novak, Not Reported in F.Supp.2d (2007)

2007 WL 1381748
Only the Westlaw citation is currently available.
United States District Court,
D. New Jersey.

WARNER BROS. RECORDS INC., a
Delaware corporation; Arista Records LLC,
a Delaware limited liability company; UMG
Recordings, INC., a Delaware corporation;
BMG Music, a New York general partnership;
and Sony BMG Music Entertainment, a
Delaware general partnership, Plaintiffs,
v.
Joseph NOVAK, Defendant.

Civil Action No. 06-5342 (FLW). | May 9, 2007.

**Attorneys and Law Firms**

Karen A. Confoy, Sterns & Weinroth, PC, Trenton, NJ, for
Plaintiffs.

**OPINION**

FREDA L. WOLFSON, United States District Judge.

*1 Presently before the Court is a motion by Plaintiffs,
Warner Bros. Records, Inc., Arista Records LLC, UMG
Recordings, Inc., BMG Music, and Sony BMG Music
Entertainment, for default judgment on their claims against
Defendant, Joseph Novak, for failure to appear or otherwise
respond to Plaintiffs' Complaint of November 8, 2006. For the
reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. BACKGROUND**

Plaintiffs are the "copyright owners or licensees of exclusive
rights under United States copyright with respect to certain
copyrighted sound recordings...." Plaintiffs' Compl. at ¶ 11.
Upon Plaintiffs' information, Defendant "is an individual
residing in this District." *Id.* at ¶ 9.

On November 8, 2006, Plaintiffs commenced this suit against
Defendant alleging that Defendant infringed on Plaintiffs'
copyrights, including but not limited to the following sound
recordings:

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Leo Sayer | When I Need You | Endless Flight | N37784 |
| Arista Records LLC | Kenny G | Loving You | Kenny G Greatest Hits | 263-7 07 |
| Warner Bros. Records Inc. | Leo Sayer | More Than I Can Say | Living in a Fantasy | 22-022 |
| UMG Recordings, Inc. | Mark Wills | I Do (Cherish You) | Wish You Were Here | 251-938 |
| Arista Records LLC | Alan Jackson | It's Alright to Be a Redneck | When Somebody Loves You | 289-367 |
| BMG Music | Kenny Chesney | Don't Happen Twice | Greatest Hits | 277-700 |
| Arista Records LLC | Kenny G | The Moment | The Moment | 236-228 |
| Sony BMG Music Entertainment | Celine Dion | My Heart Will Go On | Let's Talk About Love | 248-109 |
| Sony BMG Music Entertainment | Julio Iglesias | Can't Help Falling In Love | Starry Night | 127-481 |
| Arista Records LLC | Kenny G | Summertime | Classics In The Key of G | 289-898 |

Plaintiffs' Compl. at Ex. A.

Defendant was served with a copy of the Summons and
Complaint on December 13, 2006. Plaintiffs' Request Default

Case: 1:14-cv-02158 Document #: 64-1 Filed: 04/14/15 Page 24 of 31 PageID #:263

Warner Bros. Records Inc. v. Novak, Not Reported in F.Supp.2d (2007)

at ¶ 2. Defendant failed to plead or otherwise appear. Confoy Decl. at ¶ 4. On January 31, 2007, Plaintiffs requested that the Clerk of the Court enter default pursuant to Fed.R.Civ.P. 55(a), and default was entered on February 1, 2007. *Id.* at ¶ 3; *see also* Plaintiffs' Appl. Default J. at ¶ 1. On February 8, 2007, Plaintiffs filed a Motion for Default Judgment. Defendant has failed to appear and defend the claims against him and has likewise failed to oppose the instant Motion for Default Judgment.

## II. STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed.R.Civ.P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed.R.Civ.P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir.2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir.1984). The court's discretion is "not without limits", however, as the preference is to dispose of cases on the merits whenever practicable. *Id.* at 1181 (citations omitted).

## III. DISCUSSION

**\*2** Plaintiffs bring this action against Defendant pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiffs' Compl. at ¶ 1. The facts plead in the Complaint concerning Defendant's actions regarding his infringement of Plaintiffs' copyrights and exclusive rights are sufficient to state a cause of action thereunder. *Id.* ¶¶ 11-17. Specifically, Plaintiffs have plead:

> that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so,

> Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright [law].

*Id.* at ¶ 13.

### a. Statutory Damages

Plaintiffs request money damages in the form of statutory damages in the amount of $7,500.00 for the ten infringements alleged in their Complaint pursuant to 17 U.S.C. § 504. Plaintiffs' Appl. Default J. at p. 3. Plaintiffs ask this Court to award the minimum statutory damages of $750.00 for each of Defendant's ten infringements. *Id.* Plaintiffs claim that courts "routinely award minimum statutory damages-or higher-as part of default judgments in copyright infringement cases." *Id.* at 4-5 (citing *Ortiz-Gonzalez v. Fonovisa,* 277 F.3d 59, 63-64 (1st Cir.2002); *D.C. Comics Inc. v. Mini Gift Shop,* 912 F.2d 29, 35, 37 (2d Cir.1990); *Morley Music Co. v. Dick Stacey's Plaza Motel, Inc.,* 725 F.2d 1, 2-3 (1st Cir.1983); *Getaped.com, Inc. v. Cangemi,* 188 F, Supp.2d 398, 400-02 (S.D.N.Y.2002); *Microsoft Corp. v. Wen,* 2001 WL 1456654, No. C 99-04561 MEJ, at \*5-6 (N.D.Cal. Nov. 13, 2001); *Perfect 10, Inc., v. Talisman Comm., Inc.,* 2000 WL 364813, No. CV99-10450 RAP MCx, at \*3-4 (C.D.Cal. Mar. 27, 2000)).

Further, Plaintiffs claim that "[b]ecause Plaintiffs here seek only the minimum statutory damages and those damages easily are ascertainable from the Complaint, no evidentiary hearing is necessary." *Id.* (citing *Ortiz-Gonzalez,* 277 F.3d at 63-64; *D.C. Comics Inc.,* 912 F.2d at 34, 37; *Morley Music Co.,* 725 F.2d at 2; *O'Brien v. R.J. O'Brien & Assoc., Inc.,* 998 F.2d 1394, 1405 (7th Cir.1993); *Fustock v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d 1989); *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 919 (1st Cir.1988); *Davis v. Fendler,* 650 F.2d 1154, 1161-62 (9th Cir.1981)). The Court agrees.

Here, the Court finds an award of $7,500.00, the minimum statutory award, to be appropriate and reasonable given Defendant's conduct and in light of his failure to appear or otherwise defend in this action.

### b. Permanent Injunctive Relief

**Warner Bros. Records Inc. v. Novak, Not Reported in F.Supp.2d (2007)**

In addition to statutory damages, Plaintiffs request permanent injunctive relief to enjoin Defendant from infringing on all of the "copyrighted sound recordings owned by Plaintiffs," including sound records created in the future. Plaintiffs' Appl. Default J. at p. 9. Pursuant to 17 U.S.C. § 502(a), courts may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

*3 Plaintiffs claim, and the Court agrees, that courts "routinely issue injunctions as part of default judgments." Plaintiffs' Appl. Default J. at 6-7 (citing *Claremont Flock Corp. v. Alm,* 281 F.3d 297 (1st Cir.2002); *Securities & Exch. Comm'n v. Coldicutt,* 258 F.3d 939, 945 (9th Cir.2001); *Securities & Exch. Comm'n v. McNulty,* 137 F.3d 732, 741 (2d Cir.), *cert denied,* 525 U.S. 931. 119 S.Ct. 340 (1998); *CJC Holdings, Inc. V. Vv. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992); *Sony Music Entm't. Inc. v. Global Arts Prod.,* 45 F.Supp.2d 1345-47 (S.D.Fla.1999).

Further, Plaintiffs claim that "Defendant's conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights." Plaintiffs' Appl. Default J. at p. 7. Plaintiffs also note that "there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop." *Id.* at p. 9. Moreover, according to Plaintiffs, "Defendant's failure to respond to the Complaint suggests that Defendant does not take seriously the illegality of the infringing activity,"

and therefore, "without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued, repeated infringement." *Id.*

Here, the Court finds that a permanent injunction is appropriate and reasonable given Defendant's continuing infringement on Plaintiffs' sound recordings, and Defendant's failure to respond to Plaintiffs' Complaint.

**c. Costs**

Finally, Plaintiffs request $420.00 in costs of suit pursuant to 17 U.S.C. § 505. *Id.* at p. 3. Plaintiff has submitted a declaration setting forth the amount of costs incurred in prosecuting this action. Confoy Decl. at ¶ 6. Pursuant to 17 U.S.C. § 505, in any civil action under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof ." 17 U.S.C. § 505. This Court finds Plaintiffs' costs to be reasonable, and pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to such reasonable costs.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendant is granted and Plaintiffs may recover the sum of $7,920.00, which includes $7,500.00 in statutory damages and $420.00 in costs. Furthermore, Plaintiffs are entitled to injunctive relief, and Defendant is enjoined from infringing on Plaintiffs' copyrighted and licensed sound recordings. An appropriate order will follow.

---

**End of Document**      © 2015 Thomson Reuters  No claim to original U.S. Government Works.

---

# EXHIBIT F

733 F.Supp. 955
United States District Court,
E.D. Pennsylvania.

A & N MUSIC CORP., Mitch Leigh, Joe
Darion, Helena Music Corp., Andrew Scott
Inc., Octave Music Corp., Famous Music
Corp. and Warner Bros., Inc., Plaintiffs,
v.
Salvatore VENEZIA, Defendant.

Civ. A. No. 89–6226.  |  Feb. 16, 1990.

The owner of copyrights for musical compositions brought an infringement action against the owner of a business which provided musical entertainment. Following the entry of a default against defendant, plaintiffs sought entry of a default judgment. The District Court, Huyett, J., held that: (1) plaintiff was entitled to an injunction prohibiting defendant from publicly performing the copyrighted works, and (2) plaintiff was entitled to statutory damages in the amount of $1,000 per act of infringement, as well as costs and attorney fees.

So ordered.

West Headnotes (5)

[1]  **Copyrights and Intellectual Property**
     ↣ Weight and Sufficiency
     To establish cause of action for copyright infringement, plaintiff must prove originality and authorship of composition involved, compliance with all formalities to secure copyright, that plaintiff is proprietor of composition involved in action, that composition was performed publicly for profit at location alleged, and that defendant did not have permission from any of plaintiffs or representative of plaintiffs for performance.

     4 Cases that cite this headnote

[2]  **Copyrights and Intellectual Property**
     ↣ Persons liable
     Person may be liable for copyright infringement even though he or she did not perform composition himself or herself.

     1 Cases that cite this headnote

[3]  **Copyrights and Intellectual Property**
     ↣ Permanent relief
     Owner of copyrights for musical compositions was entitled to permanent injunction prohibiting owner of establishment from publicly performing copyrighted works; infringement was willful and knowing and in spite of copyright owner's repeated attempts to arrange for licensing agreement. 17 U.S.C.A. § 502(a).

     7 Cases that cite this headnote

[4]  **Copyrights and Intellectual Property**
     ↣ Amount of recovery; multiple infringements
     In determining measure of statutory damages to award copyright holder for infringement, district court considers expenses saved and profits reaped by defendants in connection with infringement, revenues lost by plaintiffs, and whether infringement was willful and knowing, or whether it was accidental and innocent. 17 U.S.C.A. § 504(a), (c)(1, 2).

     5 Cases that cite this headnote

[5]  **Copyrights and Intellectual Property**
     ↣ Amount of recovery; multiple infringements
     **Copyrights and Intellectual Property**
     ↣ Costs
     **Copyrights and Intellectual Property**
     ↣ Attorney fees
     Copyright holders in infringement action were entitled to damages of $1,000 per active infringement for total of $5,000 in statutory damages, as well as costs and attorney fees. 17 U.S.C.A. §§ 504(a), 505.

     4 Cases that cite this headnote

**A & N Music Corp. v. Venezia, 733 F.Supp. 955 (1990)**

1990 Copr.L.Dec. P 26,596

**Attorneys and Law Firms**

**\*955** Nina M. Gussack, Philadelphia, Pa., for plaintiffs.

**\*956 MEMORANDUM AND ORDER**

HUYETT, District Judge.

This is a copyright infringement case filed by plaintiffs on August 25, 1989. Defendant was served with a copy of the summons and complaint three days later, *see* Exhibit A to Plaintiffs' Motion for Default Judgment, but he has failed to answer or otherwise respond to plaintiffs' complaint as required by the Federal Rules of Civil Procedure. F.R.Civ.Proc. 12(a) ("A defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant....").

Upon the request of plaintiffs, the Clerk entered default against defendant pursuant to F.R.Civ.Proc. 55(a) on October 10, 1989. Plaintiffs now seek the entry of a default judgment pursuant to F.R.Civ.Proc. 55(b)(2). To compensate themselves properly and deter defendant from future violations of the copyright laws, plaintiffs ask the Court to: (a) enjoin possible future infringements by defendant; (b) award statutory damages in the amount of $2,500 per cause of action; and (c) award reasonable costs, including attorney's fees, to plaintiffs. I have jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

The well-pled facts of plaintiffs' complaint and affidavits attached to plaintiffs' motion for entry of a default judgment can be summarized as follows. Defendant is the owner of a business, The Vineyards, in Bethlehem, Pennsylvania which provides musical entertainment to the public. Since defendant's place of business opened in 1985, the American Society of Composers, Authors & Publishers (ASCAP)[1] attempted to arrange a licensing agreement with defendant so that he could publicly perform copyrighted songs of ASCAP members lawfully. However, defendant refused to enter into the licensing arrangement proposed by ASCAP.

Following numerous unsuccessful efforts to arrange an agreement with defendant amicably, ASCAP engaged independent investigators to determine whether defendant's establishment was performing the music of any of ASCAP's members. On April 21, 1989, two investigators visited The Vineyards. Between the hours of 6 p.m. and 11 p.m., the investigators witnessed the performance of five songs for which ASCAP has a non-exclusive license. Plaintiffs, the holders of the copyrights of these five compositions, filed this action to recover for defendant's infringement of their copyrighted works.[2]

Had defendant been properly licensed with ASCAP from July 1, 1985 (the approximate date The Vineyards commenced doing business) to the end of 1989, he would have paid approximately $1313 to ASCAP in licensing fees. In addition, ASCAP expended $252 in obtaining the evidence of defendant's infringement.

Defendant continues to operate his business without a license with ASCAP or individual licenses with plaintiffs.

**I.**

[1]     [2]     To establish a cause of action for copyright infringement, a plaintiff must prove the following facts: (i) the originality and authorship of the composition involved; (ii) compliance with all formalities to secure a copyright; (iii) that the plaintiff is the proprietor of the composition involved in the action; (iv) that the composition was performed publicly for profit at the location alleged; and (v) that the defendant did not have permission from any of the plaintiffs or a representative of the plaintiffs for the performance. *See Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.,* 657 F.Supp. 1016, 1020 (S.D.Miss.1987); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980). Importantly, **\*957** a person may be liable for copyright infringement even though he or she did not perform the composition himself or herself. *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1161–62 (2d Cir.1971). Therefore, as owner and manager of The Vineyards, defendant can be held liable for infringement in this case. *See Halnat Publishing Co. v. L.A.P.A., Inc.,* 669 F.Supp. 933, 935–37 (D.Minn.1987); *see also Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (2d Cir.1963); *Milene Music, Inc. v. Gotauco,* 551 F.Supp. 1288, 1295 (D.R.I.1982).

Because the defendant has failed to plead or otherwise defend this action, a default judgment is appropriate and should be entered.[3] *See Halnat Publishing Co.,* 669 F.Supp. at 935. Rule 8(d) of the Federal Rules of Civil Procedure provides as follows:

**A & N Music Corp. v. Venezia, 733 F.Supp. 955 (1990)**

1990 Copr.L.Dec. P 26,596

Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading....

Therefore, the averments of copyright infringement in plaintiffs' complaint are deemed admitted.

The first three elements of infringement are established by Schedule A attached to plaintiffs' complaint and incorporated therein by reference. The schedule contains the name of each music composition and its respective author and publisher as well as the date of registration, registration number, and a specific date of infringement. The fourth element, that the compositions were performed publicly for profit at defendant's establishment, is satisfied by the unanswered allegations of plaintiffs' complaint and the affidavit of William Fielder, District Manager of ASCAP. Finally, Mr. Fielder's affidavit also establishes the fifth element, that the compositions were performed without permission.

## II.

[3] Having concluded that plaintiffs have established five acts of copyright infringement, I move to plaintiffs' request for a permanent injunction. The Copyright Act of 1976 provides as follows:

Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions in such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

17 U.S.C. § 502(a). Any such injunction is operable throughout the United States and is enforceable, through contempt proceedings or otherwise, by any United States court having jurisdiction over the person enjoined. *See* 17 U.S.C. § 502(b).

When past infringement and a substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer. *See Pacific and Southern Co. v. Duncan,* 744 F.2d 1490, 1499 (11th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985); *Halnat Publishing Co.,* 669 F.Supp. at 938; *Milene Music, Inc.,* 551 F.Supp. at 1295. However, any injunctive order must give clear and specific instructions to

the defendant as to the prohibited activity. *See* F.R.Civ.Proc. 65(d).

In the case at bar, plaintiffs have established liability as well as a threat of continuing infringement in light of defendant's disregard of ASCAP's repeated warnings concerning the need to have a proper licensing agreement. Therefore, I shall enjoin defendant from publicly performing plaintiff's copyrighted works. Further, defendant shall be enjoined from causing or permitting these musical compositions to be publicly performed at The Vineyards or any other establishment owned, controlled, operated or managed by defendant. This prohibition shall remain in effect until defendant enters into a proper licensing agreement with ASCAP and pays licensing *958 fees for the right to perform ASCAP-member copyrighted musical compositions. However, it would be inappropriate to enjoin defendant "from publicly performing all of ASCAP's members' copyrighted works" without evidence of infringement upon other works as suggested by plaintiffs. *Cf. Pacific and Southern Company, Inc. v. Duncan,* 618 F.Supp. 469, 470 (N.D.Ga.1985) (on remand), *aff'd,* 792 F.2d 1013 (11th Cir.1986).

## III.

Plaintiffs also seek an award of statutory damages, attorney's fees and costs.

An infringer of a copyright is liable for statutory damages *or* the copyright holder's actual damages plus any additional profits of the infringer. 17 U.S.C. § 504(a). The holder of the copyright may select the type of damages which shall apply to the case. 17 U.S.C. § 504(b) and (c). In this case, the plaintiff copyright owners have elected to recover an award of statutory damages. Statutory damages may range from $500 to $20,000 for each copyright infringement. 17 U.S.C. § 504(c)(1). If the infringement is willful, an award of statutory damages may be increased to $50,000. 17 U.S.C. § 504(c) (2). Within these restrictions, the assessment of damages rests within the sound discretion of the trial judge. *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 231–32, 73 S.Ct. 222, 224–25, 97 L.Ed. 276 (1952); *Boz Scaggs Music,* 491 F.Supp. at 914.

[4] In determining the measure of statutory damages to award to plaintiffs, I must consider the following factors: "(i) the expenses saved and profits reaped by defendants in connection with the infringement; (ii) revenues lost by the

A & N Music Corp. v. Venezia, 733 F.Supp. 955 (1990)

1990 Copr.L.Dec. P 26,596

plaintiffs; and (iii) whether the infringement was willful and knowing, or whether it was accidental and innocent." *Milene Music, Inc.,* 551 F.Supp. at 1296 (citing *Boz Scaggs Music,* 491 F.Supp. at 914).

The courts have applied many standards as a guideline in the imposition of statutory damages. Running through them as a common thread is the principle that defendant should not reap a benefit from its violation of the copyright laws, that statutory damages should exceed the unpaid license fees "so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them." *Music City Music v. Alfa Foods, Ltd.,* 616 F.Supp. 1001, 1003 (E.D.Va.1985). Furthermore, they serve the strong public interest in ensuring integrity of copyright laws.

*Rodgers v. Eighty Four Lumber Co.,* 623 F.Supp. 889, 892 (W.D.Pa.1985); *see also Iowa State University Research Foundation, Inc. v. ABC, Inc.,* 475 F.Supp. 78, 83 (S.D.N.Y.1979) (the defendant "cannot expect to pay the same price in damages as it might have paid after freely negotiated bargaining, or there would be no reason scrupulously to obey the copyright law.").

[5]   In the case at bar, the defendant saved approximately $1313 by not paying licensing fees to ASCAP for the period from July 1, 1985 through 1989. However, the amount of actual revenues lost by the individual plaintiffs and the amount of profits reaped by defendant as a result of the infringement is not known. As stated above, defendant's infringement was willful and knowing. ASCAP's repeated attempts to arrange for a licensing agreement with defendant were unsuccessful. From ASCAP's correspondence directed to defendant, he was made aware that he was infringing on plaintiffs' works.

Plaintiffs argue that damages in the amount of $12,500 ($2,500 per infringement) should be awarded in this case. This would be nearly ten times the licensing fees which would have been paid to ASCAP since the opening of defendant's business. I decline to impose damages in this amount. Instead, I will award damages in favor of plaintiffs in the amount of $1,000 per act of infringement for a total of $5,000 in statutory damages. I feel that this amount will be adequate to place defendant on notice that he must obey the copyright laws, and sufficiently protect the copyrights held by the plaintiffs.

The Copyright Act also provides that the court may, in its discretion, allow the recovery of full costs and attorney's fees to the   **959** prevailing party. 17 U.S.C. § 505; *see also Lieb*

*v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3d Cir.1986); *Halnat Publishing Co.,* 669 F.Supp. at 938. In *Lieb,* the Third Circuit set forth the following factors to be considered when determining whether to award attorney's fees:

[W]e do not require bad faith, nor do we mandate an allowance of fees as a concomitant of prevailing in every case, but we do favor an evenhanded approach. Factors which should play a part include frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. We expressly do not limit the factors to those we have mentioned....

*Lieb,* 788 F.2d at 156.

As previously stated, the defendant knowingly infringed upon the copyrights held by plaintiffs, and rebuked numerous attempts by ASCAP to avoid the need for litigation. Moreover, defendant, properly served with process in this case, has failed to appear before this court to offer an explanation for his conduct. Defendant's conduct has forced this legal action which I have found to be meritorious. Moreover, an award of attorney's fees and costs will: (1) deter future copyright infringement, *Quinto v. Legal Times of Washington, Inc.,* 511 F.Supp. 579, 581 (D.D.C.1981); (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works, *Blumcraft of Pittsburgh v. Newman Brothers, Inc.,* 337 F.Supp. 859, 863 (S.D.Ohio 1971); and (3) penalize the losing party and compensate the prevailing party. *Boz Scaggs Music,* 491 F.Supp. at 915. Plaintiffs have submitted an affidavit which establishes costs in the amount of $274.39 and attorney's fees in the amount of $772.50. I conclude that these amounts are reasonable and justified under the circumstances of this case, and will award costs and attorney's fees to plaintiffs in the total amount of $1,046.89.

IV.

For the reasons stated above, a judgment of default shall be entered against defendant. Defendant shall be enjoined from future acts of infringement upon plaintiffs' copyrighted

**A & N Music Corp. v. Venezia, 733 F.Supp. 955 (1990)**

1990 Copr.L.Dec. P 26,596

works. Statutory damages in the amount of $5,000 shall be awarded to plaintiffs for each of the five acts of infringement. Attorney's fees and costs sought will be awarded in favor of plaintiffs in the amounts requested.

An appropriate order follows.

## ORDER

Upon consideration of plaintiffs' Motion for Entry of a Default Judgment and the attached memorandum and supporting affidavits, the plaintiffs' complaint, and for the reasons stated in the attached memorandum, it is ordered as follows:

(1) Plaintiffs' Motion for Entry of a Default Judgment is GRANTED;

(2) Damages of $1,000 per infringement or a total of $5,000 is assessed against defendant;

(3) Plaintiffs are awarded attorney's fees in the amount of $772.50 and costs in the amount of $274.39;

(4) Defendant is permanently enjoined from performing plaintiffs' copyrighted works, and from causing or permitting these musical compositions to be publicly performed in defendant's premises, or in any place owned, controlled or conducted by defendant, and from aiding or abetting the public performance of such compositions in any place or otherwise unless and until defendant enters into a licensing agreement and pays licensing fees for the rights to perform these works; and

(5) Judgment in the total amount of $6,046.89 shall be entered AGAINST defendant Salvatore Venezia and in FAVOR of all plaintiffs.

IT IS SO ORDERED.

**Parallel Citations**

1990 Copr.L.Dec. P 26,596

**Footnotes**

1    ASCAP had a non-exclusive right to license the non-dramatic performances of plaintiffs' copyrighted compositions. ASCAP represents numerous song writers in addition to plaintiffs, and offers a bulk license to perform any of the copyrighted works of its members. This is the type of arrangement offered to defendant.

2    The five musical compositions which are the subject of this action are as follows: "You Light Up My Life", "The Impossible Dream (The Quest)", "Misty", "Speak Softly Love (Love Theme from The Godfather)", and "As Time Goes By".

3    I note that F.R.Civ.Proc. 55(b)(2) permits the trial judge to hold any hearings necessary to assess damages or establish the truth of any averments by evidence. However, because I do not consider it necessary to do so in this case, I decline to conduct such a hearing.

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.